# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF IDAHO

| | |
|---|---|
| IN RE ) | |
| ) | Case No. 11-01135-JDP |
| ALLEN L WISDOM, ) | |
| ) | Chapter 7 |
| Debtor. ) | |
| _____ ) | |
| ) | |
| ALLEN L WISDOM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Adv. No. 13-06045-TLM |
| ) | |
| JEREMY GUGINO, FRANCIS R ) | |
| STERN, ANTHONY M PANTERA, ) | |
| IV, NEW YORK LIFE INSURANCE ) | |
| CO., DOES I TO V, DOE SURETY ) | |
| CO. ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

### MEMORANDUM OF DECISION REGARDING SUBPOENA AND MOTION FOR EXTENSION OF TIME

**BACKGROUND**[1]

The plaintiff in this adversary proceeding, Allen Wisdom ("Plaintiff") is a debtor in a voluntary chapter 7 case, No. 11-01135-JDP, commenced in April,

---

[1] The Court takes judicial notice of the files and records in this adversary proceeding, and in the underlying chapter 7 case, *see* Fed. R. Evid. 201, in order to outline the background and context of the matters addressed in this Decision.

MEMORANDUM OF DECISION - 1

2011.[2]  The Hon. Jim D. Pappas was and remains the assigned Bankruptcy Judge in that bankruptcy case.  Plaintiff was represented in this chapter 7 case by Anthony Pantera, a lawyer in the law offices of Frances Stern.  (Mr. Pantera and Ms. Stern are collectively referred to herein as "Debtor's Counsel.")  Debtor's Counsel was granted leave to withdraw from representation in the chapter 7 case in December 2011, and Plaintiff has thereafter appeared *pro se*.  The panel trustee appointed in Plaintiff's chapter 7 case is Jeremy Gugino ("Trustee").

Following a significant amount of litigation in the chapter 7 case, Trustee concluded his administration of the estate and filed a Trustee's Final Report ("TFR") in June 2012.  Plaintiff filed an objection to the TFR based on Trustee's liquidation of certain New York Life Insurance Company ("NYLIC") life insurance policies that Plaintiff owned.  On September 11, 2012, Judge Pappas issued a lengthy decision addressing and overruling Plaintiff's objections to the TFR.  Doc. No. 156.[3]  Plaintiff appealed, and the appeal was ultimately heard by the District Court which, on April 18, 2013, affirmed.  *See* Doc. No. 194.[4]

### A.    The Adversary Proceeding

On December 3, 2013, Plaintiff filed the complaint commencing the instant

---

[2]  Unless indicated otherwise, all statutory citations are to the Bankruptcy Code, Title 11 U.S. Code §§ 101–1532, and all rule citations are to the Federal Rules of Bankruptcy Procedure.

[3]  *In re Wisdom*, 478 B.R. 394 (Bankr. D. Idaho 2012).

[4]  *In re Wisdom*, 490 B.R. 412 (D. Idaho 2013).  Plaintiff appealed the District Court's ruling to the Ninth Circuit.  That appeal is pending.

MEMORANDUM OF DECISION - 2

adversary proceeding. Adv. Doc. No. 1. Plaintiff sued Trustee, Debtor's Counsel, NYLIC, and "John Doe" defendants (including a "Doe Surety Company" as issuer of Trustee's bond) raising multiple claims and causes of action.

In an order entered immediately following a hearing on February 5, 2014, Judge Pappas recused himself from presiding over the adversary proceeding. Adv. Doc. No. 19.[5] The case was assigned to the undersigned, Chief Bankruptcy Judge Terry L. Myers.[6]

### 1. The suggestion of recusal

At a status conference held on March 24, 2014, Plaintiff raised the issue of recusal based on the fact that Trustee was previously employed as a law clerk in the Bankruptcy Court for the District of Idaho. Plaintiff asserted that this fact created an insurmountable "conflict of interest" and prohibited me, and indeed any other judge in the District, from sitting on the case.

The Court treated this as an oral motion to recuse and gave Plaintiff three weeks from that hearing within which to file a brief on the subject, with a reply brief due from Trustee a week thereafter. Plaintiff was also allowed the same

---

[5] At the hearing, Judge Pappas discussed with the parties the possibility of his recusal based on the fact that his daughter-in-law is employed by the law firm and lawyer representing Trustee. Adv. Doc. No. 18 (minute entry). He independently resolved that issue with the recusal order later that day. Judge Pappas continues to preside over the chapter 7 case.

[6] As a traditional matter of style, this District's decisions refer to the presiding Judge as "the Court." While not wholly abandoning that convention, personal pronouns will be used in addressing certain of the issues Plaintiff has raised.

MEMORANDUM OF DECISION - 3

period of time within which to file an unrelated motion to amend the complaint. *See* Doc. No. 24 (minute entry).

Two matters have now arisen that necessitate this Decision.

First, Plaintiff caused the Clerk of the Court to issue a subpoena, which is directed to me and demands production of documents related to Trustee's prior employment as a law clerk. A copy of the subpoena, delivered to the Clerk's office on April 9, 2014, is attached hereto.

Second, Plaintiff filed on April 11, 2014, a "Motion for Enlargement of Time to File Proposed 1st Amended Complaint and file Brief re Recusal." Doc. No. 28 ("Motion").

## DISCUSSION AND DISPOSITION

### A.     The Subpoena

The recusal issue is predicated on the fact that Trustee, after graduating from law school and before becoming a bankruptcy trustee, was employed as a law clerk in the Bankruptcy Court for the District of Idaho. This is an uncontradicted and undisputed fact. Indeed, as I expressly informed Plaintiff and other parties at the March 24 hearing, Trustee not only was employed at the Court, he served in my chambers as a law clerk while with the Court.

Trustee's term as my law clerk ran from January 4, 2006 through August 10, 2007. After Trustee left the Court, the Office of the United States Trustee ("UST") placed him on the panel of private trustees maintained for the UST's

MEMORANDUM OF DECISION - 4

appointment in chapter 7 cases filed in the District of Idaho. *See generally* 28 U.S.C. § 586(a)(1), (d)(1). Thereafter, he has been appointed randomly by the UST in chapter 7 cases primarily in the southwestern portion of the District. *See* § 701, 702(d). Trustee has appeared in front of me, and Judge Pappas, on an ongoing basis for more than six years since his placement on the panel.

As noted above, the Court gave Plaintiff an opportunity to submit a brief containing his arguments on his oral motion to recuse, and it will hold any final determination until that brief, and Trustee's reply, are filed and reviewed.[7] However, Plaintiff's general contention, and the law governing recusal, provide context to the Court's analysis of Plaintiff's subpoena.

Plaintiff argues recusal is appropriate in this 2014 litigation based upon Trustee's 20-month employment as my law clerk in 2006 and 2007. Plaintiff contends that the existence of this prior relationship, though dated, creates a "conflict of interest" that requires my recusal.

Recusal of bankruptcy judges is governed by 28 U.S.C. § 455 and associated case law. That code provision imposes on me an independent duty to carefully evaluate the entirety of the situation and to disqualify myself "in any proceeding in which [my] impartiality might reasonably be questioned" or where I have a "personal bias or prejudice concerning a party." *See* 28 U.S.C. § 455(a),

---

[7] The Court did not on March 24 set the recusal issue for further hearing, and indeed did not then contemplate, and still does not contemplate, holding any hearing nor entertaining oral argument on that matter. It will be submitted solely on any timely filed briefs.

MEMORANDUM OF DECISION - 5

(b)(1); *see also In re Jones*, 2002 WL 818275 (Bankr. D. Idaho Apr. 4, 2002), *aff'd Hale v. United States Trustee (In re Jones)*, 2006 WL 694639 (D. Idaho 2006).

In what may be an attempt to buttress the recusal contentions, Plaintiff caused the subpoena to be issued. He asks me for provision of three categories of documents: (1) all Trustee's employment records regarding his employment by the Court; (2) disciplinary records while so employed; and (3) records related to Trustee's application to the UST and appointment to the panel of private trustees. I conclude this subpoena is improper and must be quashed.

In *Cheeves v. Southern Clays, Inc.*, 797 F.Supp. 1570 (M.D. Ga. 1992), counsel for the plaintiffs in certain consolidated civil cases (and also counsel for a defendant in a related criminal case) filed notices of the taking of the depositions of several federal district judges along with subpoenas *duces tecum*. The judges included the chief district judge who was presiding over the subject civil and criminal cases. The notices indicated the deposition would be taken "with respect to factual matters relevant to [the presiding judge's] disqualification." *Id.* at 1572 (alteration in original). After outlining the history of multiple requests for disqualification or recusal, the decision addresses the appropriate limitations on discovery. It concludes that, notwithstanding the possibility of discovery in "appropriate cases" from witnesses *other* than the presiding judge, "there simply is no precedent for deposing the presiding judge pursuant to compulsory process in

MEMORANDUM OF DECISION - 6

aid of motions to disqualify; and, for a number of practical as well as legal and policy considerations, there is no need or justification for such a procedure." *Id.* at 1580–81 (citations and footnotes omitted). The decision continues with a thoughtful analysis of why that is so. Though the issue does not evidently arise often, at least given the limited number of reported decisions, other courts have similarly held. *See, e.g.*, *United States v. Roebuck*, 271 F.Supp.2d 712, 717–26 (D. Virgin Islands July 15, 2003). *See also In re Evergreen Security, Ltd.*, 2006 WL 3804674 (Bankr. M.D. Fla. Oct. 30, 2006) (bankruptcy judge subject to motion for recusal held that he may not be called as a witness nor subjected to discovery regarding the recusal motion) (citing *Cheeves*, *Roebuck*, and Fed. R. Evid. 605; other citations omitted).[8]

The attempt to seek or compel discovery from the presiding judge on a case is improper and, given the authorities that already require my careful independent consideration of suggestions of recusal, unnecessary. For those reasons, the subpoena will be quashed, and no response thereto will be provided.

**B.     Extension of deadlines**

---

[8] I appreciate that in *Cheeves*, the district judge authoring the decision was sitting by designation. However, I believe that the authorities on the issue are sufficiently clear that I can address the question of the propriety of the subpoena even though it is directed at me. *Accord*, *Evergreen Security*, 2006 WL 3804674. Ruling on the propriety of a subpoena in these circumstances is analogous to ruling on the underlying motion to recuse. In the Ninth Circuit, motions for recusal are to be decided by the presiding and challenged judge, not another judge. *Bernard v. Coyne (In re Bernard)*, 31 F.3d 842, 843 (9th Cir. 1994) (citing *United States v. Sibla*, 624 F.2d 864, 868 (9th Cir. 1980); other citations omitted).

MEMORANDUM OF DECISION - 7

Plaintiff seeks an extension of the previously imposed deadline of April 14, 2014 (*i.e.*, three weeks from the hearing on March 24, 2014) within which he was to file his brief regarding recusal, and file any motion for amendment of the complaint. He requests an extension of 60 days, to June 14. The Court will grant an extension, but finds the length sought by Plaintiff unreasonable.

Plaintiff has already had three weeks to work on these matters and, the Court concludes, only a short additional extension is warranted. Plaintiff's briefing on the recusal issue will be filed on or before April 30, 2014. Opposing parties shall have one week thereafter to file objections, oppositions or replies. Plaintiff's motion to amend the complaint will be filed on or before May 7, 2014. Opposing parties will have one week thereafter to file their objections or replies.

## CONCLUSION

For the reasons set forth above, the Court concludes and will order as follows:

- A. The subpoena directed to me as the presiding Judge in this adversary proceeding will be quashed.

- B. The Motion will be granted in part. Plaintiff shall be allowed an extension to April 30, 2014, within which to file his brief on the subject of recusal, and other parties shall have 7 days thereafter to respond. Plaintiff shall be allowed an extension to May 7, 2014, within which to file a motion to amend the complaint, and other

MEMORANDUM OF DECISION - 8

parties shall have 7 days thereafter to respond.

Appropriate orders will be entered by the Court.

DATED: April 17, 2014

TERRY L. MYERS
CHIEF U. S. BANKRUPTCY JUDGE

MEMORANDUM OF DECISION - 9