# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF IDAHO

| | |
|---|---|
| IN RE ) | |
| ) | Case No. 11-01135-JDP |
| ALLEN L. WISDOM, ) | |
| ) | Chapter 7 |
| Debtor. ) | |
| _____ ) | |
| ) | |
| ALLEN L. WISDOM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Adv. No. 13-06045-TLM |
| ) | |
| JEREMY GUGINO, FRANCIS R. ) | |
| STERN, ANTHONY M. PANTERA, ) | |
| IV, NEW YORK LIFE INSURANCE ) | |
| CO., DOES I TO V, DOE SURETY ) | |
| CO. ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## MEMORANDUM OF DECISION
_____

On August 22, 2014, the Court heard several matters in the above bankruptcy case and related adversary proceeding. This Decision addresses the same and will be filed in both Case No. 11-01135-JDP and Adv. No. 13-06045-TLM, as will appropriate Orders.

**A.     Motions in the bankruptcy case**

On June 3, 2014, debtor Allen L. Wisdom ("Wisdom") filed a "Motion for

MEMORANDUM OF DECISION - 1

Order to Turnover Estate Funds to Debtor Obtained by Fraud and Surcharge Trustee" in the chapter 7 case and set it for hearing on June 24.[1] Doc. Nos. 199 ("Turnover Motion"), 200.[2] The United States Trustee ("UST") filed an opposition to the Turnover Motion, Doc. No. 201, as did chapter 7 trustee Jeremy Gugino ("Trustee"), Doc. No. 202. Though Bankruptcy Judge Jim D. Pappas continues to be the assigned and presiding judge in the chapter 7 case, the appearance of Trustee in the chapter 7 through counsel Joshua Evett led Judge Pappas to recuse himself from hearing and ruling on the Turnover Motion. Doc. No. 203.

In addition to replying to the objections, *see* Doc. No. 205, Wisdom filed a "Motion for Order for Evidentiary Hearing" on the Turnover Motion. Doc. No. 206. The Court independently set the Turnover Motion for a hearing on August 22, 2014. The Court entered an order on August 1, Doc. No. 212, establishing that the August 22 hearing would be non-evidentiary in nature, and denying Wisdom's motions for an evidentiary hearing and related motion for an order compelling appearance and testimony. The Court indicated additional briefing could be filed on the Turnover Motion, and none of the parties did so.

---

[1] Unless otherwise indicated, statutory citations are to the Bankruptcy Code, Title 11 U.S. Code §§ 101–1532, references to "Rules" are to the Federal Rules of Bankruptcy Procedure and references to "Civil Rules" are to the Federal Rules of Civil Procedure.

[2] References to filings in the chapter 7 case are to "Doc. No." and those in the adversary proceeding are to "Adv. Doc. No."

MEMORANDUM OF DECISION - 2

### 1. Recusal Motion

Prior to reaching the Turnover Motion, the Court must address a preliminary matter. On August 12, Wisdom filed a motion for this Court's recusal from hearing the Turnover Motion, the sole matter it has been assigned in the chapter 7 case. Doc. No. 214 ("Recusal Motion"). The Court was aware of it, and advised parties on August 22 that it would be addressed.

The Recusal Motion reasserts the arguments addressed by this Court in denying Wisdom's motion to recuse in the adversary proceeding. *See* Adv. Doc. Nos. 59 ("Recusal Decision"), 60 ("Recusal Order"). Wisdom has filed a notice of appeal and a motion for leave to appeal the Recusal Order.

Having reviewed the Recusal Motion, and having evaluated the issues yet again, the Court adheres to its earlier analysis and ruling. It incorporates the Recusal Decision here by reference and without further elaboration. The Recusal Motion, Doc. No. 214, will be denied.

### 2. Turnover Motion

On September 11, 2012, Judge Pappas entered a lengthy decision addressing Wisdom's objections to Trustee's final report and account. Doc. No. 156. Wisdom appealed that decision and related order. On April 18, 2013, the District Court issued a decision in the appeal, District Court Case No. 12-CV-00530-BLW, affirming the Bankruptcy Court. *See* Doc. No. 194 (copy). Wisdom has appealed this ruling to the Ninth Circuit.

MEMORANDUM OF DECISION - 3

The Court has reviewed the Turnover Motion, which seeks "turnover" or "return" of "illegally obtained funds" and to "surcharge" Trustee. Many of the allegations and arguments presented in the Turnover Motion echo those in the objections to Trustee's final report and account, which have been decided adversely to Wisdom, affirmed, and are now on appeal. Considering such matters in the guise of the Turnover Motion would violate decisional law that limits the trial court's ability to address previously decided issues, particularly when they are on appeal. *See In re Wallace*, 2013 WL 4501415, at *2 (Bankr. D. Idaho Aug. 22, 2013).[3] In all these regards, the Turnover Motion should and will be denied.

Additionally, the Turnover Motion raises issues that are either expressly or implicitly raised in the adversary proceeding that was commenced in December 2013, some 6 months before the Turnover Motion was filed.[4] The parties are aware that the adversary proceeding is still in a state of development; indeed, Wisdom's motion to amend the complaint is pending.

The Court has significant discretion over its calendar. *Dependable Highway Express, Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007)

---

[3] The law of the case doctrine precludes the Court from reconsidering issues that have already been decided, expressly or by necessary implication, in that same court and in the same case. *Id.* at n.2. And, generally speaking, a bankruptcy court is divested of jurisdiction over those aspects of the case involved in an appeal. *Id.* at n.3.

[4] The Court appreciates there are some issues that might arguably be characterized as distinct, at least to some degree. Evaluating the degree of inclusiveness or separateness is complicated by Wisdom's approach to pleadings. The Court concludes the devotion of time and effort to parse and compare the allegations at this stage of the proceedings is unwarranted.

MEMORANDUM OF DECISION - 4

(recognizing the general principle that a court "possesses the inherent power to control its docket and promote the efficient use of judicial resources").[5] It should exercise that power in its informed discretion[6] in order to promote the just, expeditious and inexpensive resolution of disputes. *Cf.* Rule 1001 (similar direction in construing rules).

In evaluating the whole of the Turnover Motion, and the pending adversary proceeding, the Court concludes that hearing the Turnover Motion is not only improper to the extent it touches on or requires consideration of matters on appeal, but that entertaining this Motion as a stand-alone motion in the main case also unreasonably and unnecessarily duplicates litigation simultaneously underway in the adversary proceeding. It therefore concludes that the Turnover Motion should and will be denied.

### B. Matters in the adversary proceeding

On December 3, 2013, Wisdom filed a complaint commencing the adversary proceeding, suing Trustee, Wisdom's former attorneys Francis Stern and Anthony Pantera ("Former Counsel"), New York Life Insurance Company ("New York Life"), and others (collectively "Defendants").

---

[5] *Landis v. North American Co.*, 299 U.S. 248, 254 (1936), recognizes "the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."

[6] *See Moses H. Cone Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 20 n.23 (1983) (noting that control of a court's docket is a matter of judicial discretion and citing *Landis*).

MEMORANDUM OF DECISION - 5

### 1.     Amendment of the complaint

On May 7, 2014, Wisdom filed a motion to amend his complaint. Adv. Doc. No. 40 ("Motion to Amend"). Trustee and Former Counsel oppose the Motion to Amend. Adv. Doc. Nos. 45, 47.

Civil Rule 15, incorporated in bankruptcy adversary proceedings by Rule 7015, governs amendments to pleadings. It allows a party to amend its pleading once within a limited time "as a matter of course" but otherwise allows amendment "only with the opposing party's written consent or the court's leave." Civil Rule 15(a)(1), (2). The Ninth Circuit recognizes that courts should apply the rule's policy favoring amendments "with extreme liberality." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987).

Courts may deny a motion to amend when there is "strong evidence" of undue delay, bad faith, dilatory motives on the part of the movant, repeated failures to cure deficiencies through earlier allowed amendments, undue prejudice to opposing parties, or futility. *Sonoma Cnty. Ass'n of Retired Employees v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013 ) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). In considering these factors, the greatest weight is to be placed on whether the amendment would result in undue prejudice. *Id.* (citing *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003)). The party opposing amendment bears the burden of showing such prejudice. *DCD Programs*, 833 F.3d at 187. "Absent prejudice, or a strong showing of any

MEMORANDUM OF DECISION - 6

of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Capital*, 316 F.3d at 1052. *See also Rosati v. Bekhor (In re Bekhor)*, 2007 WL 7532283 (9th Cir. BAP Mar. 19, 2007) (discussing standards).

Defendants urge the Court to deny Wisdom leave to amend. In their view, the original and amended causes of action will inevitably be dismissed for some reason. The precedent under Civil Rule 15 requires strong and compelling reasons to stop the process at the pleading stage. Many if not all of the concerns now raised can be appropriately tested by motions to dismiss or motions for summary judgment once Wisdom's complaint is finalized.

Therefore, the Motion to Amend will be granted. The Court will require an amended complaint to be filed no later than October 31, 2014. The Court emphasizes that the deadline for amendment of the complaint is *not* conditioned on discovery, whether that is in connection with discovery yet to be issued, responses to discovery previously issued, or resolution of disputes regarding discovery.

Once filed, Defendants may answer, amend answers, or file appropriate motions, as allowed by the Rules.

**2.      Subpoena to the UST, and motions to quash and to strike**

Wisdom caused subpoenas to be issued directed to the Court and to the UST. The Court quashed the subpoena directed to it. Adv. Doc. Nos. 31, 33

MEMORANDUM OF DECISION - 7

(Order).[7]  Trustee moved to quash both subpoenas, Adv. Doc. No. 30 ("Motion to Quash").  The Motion to Quash remains at issue as to the subpoena directed to the UST.

### a. Motion to strike

Wisdom argues that the Motion to Quash is improper because Trustee did not first "meet and confer" with him as required under LBR 7037.1, and he filed a "motion to strike" the Motion to Quash on that basis.  Adv. Doc. No. 36.  Trustee responded, Adv. Doc. No. 43, and Wisdom replied, Adv. Doc. No. 52.

At the initial pretrial conference, the Court mentioned LBR 7037.1 and indicated it would enforce the rule.  The Court believes the Local Rule is salutary, and it is consistent with similar requirements in the Civil Rules.  Compliance with LBR 7037.1 often resolves, or at least limits, disputes falling within its ambit.[8]

The Local Rule has mandatory language (*e.g.*, "will not consider," "shall include," shall set forth").  The Court expects parties and counsel to comply.  But the Court nonetheless retains the ability to evaluate what has transpired and, importantly, has discretion on how to deal with noncompliance.  *See* LBR

---

[7] As noted in Adv. Doc. No. 72 at 3, Wisdom later filed an "objection" to that Order but there is no procedural vehicle for such an "objection" to an order other than appeal.  The Court will not revisit this Order.

[8] Trustee seems to argue that the Local Rule is aimed at "discovery" between parties, and that it does not or should not be interpreted to apply to the quashing of a subpoena on a non-party.  However, the Local Rule does apply to motions made under Rule 9016, which incorporates Civil Rule 45, and that latter rule addresses quashing subpoenas.

MEMORANDUM OF DECISION - 8

7037.1(d) ("the Court may . . .").

The Motion to Quash raises an issue which in the specific context of this case is not readily amenable to negotiated resolution.  It is not apparent to the Court that meeting and conferring had utility in this circumstance.  Therefore, the Court concludes that it is not required to "strike" the Motion to Quash on this basis.[9]

### b.    Motion to Quash

The subpoena at issue, Adv. Doc. No. 30-4, seeks numerous documents that, broadly stated, fall into two general categories.  The first relates to the process of Trustee applying for and being appointed to the panel of chapter 7 trustees.  The second has to do with Trustee's performance in his role as trustee, both generally speaking and specifically in connection with Wisdom's case.

As to the first, the earlier denial of the motion seeking recusal moots issues as to Trustee's application for and appointment to the panel.  The information sought in those regards has not been shown to be material or relevant to other issues in the case, at least at present.[10]  For those reasons, the Court determines the Motion to Quash to be well taken as to such matters.

---

[9] The Court makes no finding as to whether the meet and confer process was honored, but does conclude, in its discretion and under the whole of the record, that to the extent it arguably was not satisfied, no sanctions or other relief will be imposed at this time under LBR 7037.1(d).

[10] *See generally* Civil Rule 26(b)(1), incorporated by Rule 7026 (limiting the scope of discovery to nonprivileged matters that are relevant to a party's claims or defenses).

MEMORANDUM OF DECISION - 9

As to the second, however, the path is less clear. For example, the nature of the adversary proceeding, at least at present, raises issues regarding the Trustee's bond. Certain of the documents requested by the subpoena arguably relate to such issues.

Trustee, through counsel, indicates he has responded to Wisdom's direct discovery, providing certain documents and information that fall within this general category or rubric. While this does not mean that Wisdom is necessarily prohibited from seeking the UST's—as opposed to the Trustee's—documents, it does raise a concern over the extent and reach of the requests.[11]

The Court concludes that quashing the subpoena at this time is appropriate. The relevance of information or material that might be possessed by the UST will be clarified by the ongoing process of settling the pleadings. There will be opportunities later to consider discovery issues on a more clearly defined field. If and when that occurs, the Court expects the parties to comply with the meet and confer aspects of the Local Rule to attempt to resolve what can be resolved, and to present only intractable discovery issues to the Court for resolution.

**CONCLUSION**

Upon the foregoing, the Court will enter an order in the chapter 7 case (a) denying the Recusal Motion, and (b) denying the Turnover Motion. The Court

---

[11] *See*, *e.g.*, Civil Rule 26(b)(2)(C)(i), incorporated by Rule 7026 (allowing the Court to limit discovery if it is unreasonably cumulative or duplicative).

MEMORANDUM OF DECISION - 10

will also enter an order in the adversary case (a) denying the "motion to strike," (b) granting the Motion to Quash, and (c) granting the Motion to Amend and setting a deadline for the filing of an amended complaint.

DATED: September 26, 2014



TERRY L. MYERS
CHIEF U. S. BANKRUPTCY JUDGE

MEMORANDUM OF DECISION - 11