# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF IDAHO

| | |
|---|---|
| IN RE ) | |
| ) | Case No. 11-01135-JDP |
| ALLEN L. WISDOM, ) | |
| ) | Chapter 7 |
| Debtor. ) | |
| _____ ) | |
| ) | |
| ALLEN L. WISDOM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Adv. No. 13-06045-TLM |
| ) | |
| JEREMY GUGINO; FRANCIS R. ) | |
| STERN; ANTHONY M. PANTERA, ) | |
| IV; NEW YORK LIFE INSURANCE ) | |
| CO.; TERRY MICHAELSON; ) | |
| HAMILTON, MICHAELSON & ) | |
| HILTY, LLP; KAREN ) | |
| MCMURTRIE; & LIBERTY ) | |
| MUTUAL INSURANCE CO., ) | |
| ) | |
| Defendants, ) | |
| _____ ) | |

**MEMORANDUM OF DECISION ON MOTION OF DEFENDANTS
STERN AND PANTERA FOR SUMMARY JUDGMENT**

Plaintiff, Allen L. Wisdom ("Wisdom"), filed a petition for relief under

chapter 7 on April 19, 2011, and he received his discharge on August 5, 2011.[1]

---

[1] Unless otherwise indicated, statutory references are to the Bankruptcy Code, Title 11
(continued...)

MEMORANDUM OF DECISION (STERN/PANTERA) - 1

This was an asset case and remained open and subject to continued administration after Wisdom's discharge. In June 2012, Wisdom objected to the Trustee's Final Report ("TFR") filed by the chapter 7 trustee, Jeremy Gugino ("Gugino"). His objections were denied in September 2012 and the TFR was approved. *In re Wisdom*, 478 B.R. 394 (Bankr. D. Idaho 2012) ("*Wisdom I*"). Wisdom appealed to the District Court, which affirmed in April 2013. *In re Wisdom*, 490 B.R. 412 (D. Idaho 2013) ("*Wisdom II*"). Wisdom appealed to the Ninth Circuit, and such appeal is presently pending.

Wisdom filed the complaint commencing this adversary proceeding on December 3, 2013. His "First Amended Complaint," Adv. Doc. No. 78 ("FAC"), was filed in October 2014. The FAC as against defendant New York Life Insurance Co., ("NY Life") was dismissed for lack of subject matter jurisdiction. *Wisdom v. Gugino (In re Wisdom)*, 2015 WL 2128830 (Bankr. D. Idaho May 5, 2015) ("*Wisdom III*").

Material here, Wisdom's FAC asserts a host of claims against his former attorneys, Francis R. Stern ("Stern") and Anthony M. Pantera IV ("Pantera") (collectively "Counsel"). They include breach of contract, breach of fiduciary duty, negligence, constructive fraud, legal malpractice, intentional infliction of emotional distress, negligent infliction of emotional distress, and civil conspiracy.

---

[1](...continued)
U.S. Code §§ 101–1532.

MEMORANDUM OF DECISION (STERN/PANTERA) - 2

Wisdom cites three particular incidents as the factual root of his several claims against Counsel: first, Trustee's liquidation of Wisdom's insurance policies[2]; second, the bankruptcy process of sale or compromise of Wisdom's pro se lawsuits that, on filing, became property of the estate; and, third, Counsel's withdrawal from representation. All of these are post-petition events.

Counsel filed a motion for summary judgment on September 3, 2015. Adv. Doc. No. 120. It is primarily based on the argument that all Wisdom's claims are barred by the relevant Idaho statute of limitations, Idaho Code § 5-219(4). It is also premised on Wisdom's failure to produce expert evidence of negligence and causation of damages when faced with the summary judgment motion on a legal malpractice claim. *See Samuel v. Hepworth, Nungester & Lezamiz, Inc.*, 996 P.2d 303, 307–08 (Idaho 2000). Counsel also raised additional legal issues regarding specific causes of action.

Counsel's motion for summary judgment was heard on January 13, 2016, and taken under advisement.

**DISCUSSION AND DISPOSITION**

Wisdom's myriad allegations against Counsel assert contract, tort and legal malpractice theories, all of which are state law causes of action. They are all predicated on and revolve around Counsel's representation of Wisdom in and

---

[2] These were the subject of, and fully addressed in, *Wisdom I* and *Wisdom II*.

MEMORANDUM OF DECISION (STERN/PANTERA) - 3

during the chapter 7 case.

The FAC alleges that the Court has subject matter jurisdiction, that all such matters are "core proceedings" under 28 U.S.C. § 157(b), and that all of the defendants, including Stern and Pantera, have "consented" to this Court's exercise of jurisdiction.  Counsel's amended answer, Adv. Doc. No. 80, admits those allegations, and that Counsel has so consented.

As this Court noted in *Wisdom III*, the bankruptcy court has both the power and the obligation to determine whether it has jurisdiction to proceed with adjudication, and it must dismiss a case if there is a lack of subject matter jurisdiction even should the parties fail to raise that issue.  2015 WL 2128830 at *7.  In *Wisdom III*, the Court found that Wisdom's claims against NY Life were neither core (*i.e.*, arising under the Code or arising in the case), nor "related to" non-core matters since the outcome of his claims against and recovery from that defendant would have no impact on the administration of the bankruptcy case, or on property of the estate, or on distribution to creditors.  *Id.* at *8–11.  Wisdom's claims against NY Life were therefore found to be outside the Court's jurisdiction and the action against it was dismissed.[3]

---

[3] Like Counsel here, NY Life "consented" to the Court's hearing and finally ruling on non-core, related to matters.  Under 28 U.S.C. § 157(c)(2), consent allows this Court to enter final orders and judgments on "related to" matters.  Some three weeks after *Wisdom III*, the Supreme Court in *Wellness Int'l Network, Ltd. v. Sharif*, __ U.S. __, 135 S.Ct. 1932, 1944–48 (2015), clarified that consent, express or implied, also operates to allow the bankruptcy court to rule on so called *Stern* claims that are statutorily core but outside an Article I court's

(continued...)

The types of claims Wisdom asserts against Counsel inure solely to him and to his benefit, not to his creditors or the estate.[4]  Like the claims he asserted against NY Life, they have no impact upon the administration of the bankruptcy case, or on property of the estate, or on the distribution to creditors, and they are therefore not "related to" matters.  *Wisdom III* at *6–7, *9–11.  And such state law claims do not "arise under" the Code because their existence does not depend on a substantive provision of bankruptcy law.  *Wisdom III* at *6 (citing *Battle Ground Plaza, LLC v. Ray (In re Ray)*, 624 F.3d 1124, 1131 (9th Cir. 2010)).  Jurisdiction, therefore, must be premised on Wisdom's claims against Counsel having "arisen in" the bankruptcy case.

"A proceeding 'arises in' a case under the Bankruptcy Code if it is an administrative matter unique to the bankruptcy process that has no independent existence outside of bankruptcy and could not be brought in another forum, but whose cause of action is not expressly rooted in the Bankruptcy Code."  *Ray*, 624 F.3d at 1131.  The claims here are not unique to the bankruptcy process.  They exist outside of bankruptcy.  And they could be brought in another forum, *i.e.*,

---

[3] (...continued)
constitutional authority.  But consent is a matter of authority of the bankruptcy court to enter final rulings, not a means of establishing jurisdiction.  *Wisdom III* at *9.

[4] A malpractice action that under applicable state law only accrues post-petition is neither property of the estate under § 541(a)(1) nor property of the estate under § 541(a)(7).  *See In re de Hertogh*, 412 B.R. 24, 30–31 (Bankr. D. Conn. 2009).  Only certain types of post-petition property acquired by a chapter 7 debtor become property of the estate.  *See* § 541(a)(5).  Post-petition contract and tort claims suffered solely by a chapter 7 debtor individually are not among those.

MEMORANDUM OF DECISION (STERN/PANTERA) - 5

Idaho state district court.

The Ninth Circuit Court of Appeals in *Shultze v. Chandler*, 765 F.3d 945 (9th Cir. 2014), held that a legal malpractice claim against court-appointed counsel for a chapter 11 creditors' committee, based on its failure to properly secure payments to unsecured creditors under a confirmed plan, was a core proceeding. *Id.* at 948–49. However, it was material to this holding that the malpractice claims were brought against bankruptcy court-appointed professionals. *See id.* at 948–49 (citing *Walsh v. Nw. Nat'l Ins. Co. of Milwaukee, Wis. (In re Ferrante)*, 51 F.3d 1473, 1476 (9th Cir. 1995); *Maitland v. Mitchell (In re Harris Pine Mills)*, 44 F.3d 1431, 1435 (9th Cir. 1995)).[5] As *Schultze* explained:

> A *sine qua non* in restructuring the debtor-creditor relationship is the court's ability to police the fiduciaries, whether trustees or debtors-in-possession and other court-appointed professionals, who are responsible for managing the debtor's estate in the best interests of creditors. The bankruptcy court must be able to assure itself and the creditors who rely on the process that court-approved managers of the debtor's estate are performing their work, conscientiously and cost-effectively. Bankruptcy Code provisions describe the basis for compensation, appointment and removal of court-appointed professionals, their conflict-of-interest standards, and the duties they must perform. *See generally* 11 U.S.C. §§ 321, 322, 324, 326–331.

*Id.* at 949 (quoting *Southmark Corp. v. Coopers & Lybrand (In re Southmark Corp.)*, 163 F.3d 925, 931 (5th Cir. 1999)). In contrast, Stern and Pantera were

---

[5] *Harris Pine Mills* stated "[T]he clear majority of decisions from other courts that have touched on this issue hold that postpetition state law claims asserted by or against *a trustee* in bankruptcy *or the trustee's agents* for conduct arising out of the sale of property belonging to the bankruptcy estate qualify as core proceedings." *Id.* (emphasis added).

MEMORANDUM OF DECISION (STERN/PANTERA) - 6

private counsel for a chapter 7 debtor, and they were neither court-appointed nor court-approved. This action does not fall within the parameters set by *Schultze*.

Therefore, Wisdom's claims do not "arise in" the case within the reach of the jurisdictional structure. It is not enough that Wisdom's state law claims against Counsel were based on events occurring *during* a bankruptcy case. That is merely circumstantial. The "'arising in' limitation on bankruptcy jurisdiction has substantive, rather than merely temporal, content." *Goldstein v. Marine Midland Bank, N.A. (In re Goldstein)*, 201 B.R. 1, 5 n.3 (Bankr. D. Me. 1996). "Arising in" means more than simply "arising during."[6] And though the Ninth Circuit in *Shultze* indicated a different analysis would attend post-petition claims against trustees or court-appointed or court-approved professionals, this is not such a case.

*Wisdom III* noted this language of the Ninth Circuit:

> If the proceeding does not invoke a substantive right created by the federal bankruptcy law and is one that could exist outside of bankruptcy, it is not a core proceeding; it may be related to the bankruptcy because of its potential effect, but . . . it is an "otherwise related" or non-core proceeding.

*Id.* at *8 (quoting *Eastport Assocs. v. City of Los Angeles (In re Eastport Assocs.)*, 935 F.2d 1071, 1076 (9th Cir. 1991) (quoting *Wood v. Wood (In re Wood)*, 825

---

[6] Goldstein found no arising under, arising in, or related to jurisdiction and dismissed a debtor's Fair Debt Collections Practices Act and tort claims against a creditor and collection attorneys that were based on post-petition conduct. As regards the argument of "related to" jurisdiction, the court stated: "This is a chapter 7 case. The F.D.C.P.A. and tort allegations involve post-petition conduct. Even if Goldstein were successfully to prosecute them, the recovery would be his, not his estate's. *See* 11 U.S.C. § 541(a). The claims hold no potential to impact in any way the 'handling and administration of the bankrupt estate.'" *Id.* at 5 (citing *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984)).

MEMORANDUM OF DECISION (STERN/PANTERA) - 7

F.2d 90, 96 (5th Cir. 1987)).  Here, there is no substantive right created by the Code, and thus no "arising under" jurisdiction.  The claims are matters of state law and are not claims which "by their nature" would have no existence outside of bankruptcy, and thus they do not fall within "arising in" jurisdiction.  And, they are not non-core "related to" claims because their success or failure in prosecution will not impact the estate.

**CONCLUSION**

As with the action against NY Life in *Wisdom III*, this proceeding against Counsel must be dismissed for lack of subject matter jurisdiction, and the Court, acting *sua sponte* and under 28 U.S.C. § 157(b)(3) and Fed. R. Civ. P. 12(h)(3) incorporated by Fed. R. Bankr. P. 7012(b), will enter an appropriate order.

DATED:  March 7, 2016



TERRY L. MYERS
CHIEF U. S. BANKRUPTCY JUDGE

MEMORANDUM OF DECISION (STERN/PANTERA) - 8