# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF IDAHO

| | |
|---|---|
| IN RE ) | |
| ) | Case No. 11-01135-JDP |
| ALLEN L WISDOM, ) | |
| ) | Chapter 7 |
| Debtor. ) | |
| _____ ) | |
| ) | |
| ALLEN L WISDOM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Adv. No. 13-06045-TLM |
| ) | |
| JEREMY GUGINO; FRANCIS R. ) | |
| STERN; ANTHONY M. PANTERA, ) | |
| IV; NEW YORK LIFE INSURANCE ) | |
| CO.; TERRY MICHAELSON; ) | |
| HAMILTON, MICHAELSON & ) | |
| HILTY, LLP; KAREN ) | |
| MCMURTRIE; & LIBERTY ) | |
| MUTUAL INSURANCE CO., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR RULE 54(b) CERTIFICATION, DOC. NO. 184**

_____

**BACKGROUND**

This case has a long history, which need not be repeated at length. The relevant background can be quickly summarized.

On December 3, 2013, debtor Allen L. Wisdom ("Plaintiff") filed a

MEMORANDUM OF DECISION - 1

complaint initiating this adversary proceeding, and the complaint was later amended to add additional defendants. Adv. Doc. Nos. 1, 78. Among the defendants were chapter 7 trustee Jeremy Gugino ("Gugino"); Liberty Mutual Insurance Company ("Liberty Mutual"); New York Life Ins. Co. ("New York Life"); Frances R. Stern ("Stern"); Anthony M. Pantera ("Pantera"); Terry Michaelson ("Michaelson"); Karen McMurtie ("McMurtie"); and Hamilton, Michaelson & Hilty, LLP ("Michaelson's firm"). *Id*.

On May 5, 2015, this Court entered a memorandum of decision and order dismissing the complaint as to New York Life for lack of subject matter jurisdiction. Adv. Doc. Nos. 112, 113. The complaint was also dismissed as to Stern and Pantera for lack of subject matter jurisdiction on March 7, 2016. Adv. Doc. Nos. 156, 157.

On March 15, 2016, the Court granted summary judgment in favor of Gugino and Liberty Mutual. Adv. Doc. Nos. 160, 161, 164 (Judgment entered on May 19, 2016). On June 15, 2016, Plaintiff appealed that summary judgment decision to the U.S. District Court for the District of Idaho, Case No. 16-251 ("District Court Appeal"). On March 21, 2017, the District Court affirmed that decision (District Court Appeal, Doc. No. 12). Plaintiff appealed the District Court decision to the Ninth Circuit Court of Appeals on April 18, 2017 (District Court Appeal, Doc. No. 15.) That appeal is pending.

On June 18, 2018, Plaintiff filed a motion for Civil Rule 54(b) certification

MEMORANDUM OF DECISION - 2

in order to appeal the Court's dismissal of the complaint as to New York Life, Stern, and Pantera.  Adv. Doc. No. 184 ("Motion").[1]  Those defendants objected.  Adv. Doc. Nos. 185, 188.[2]  After a July 30, 2018 hearing on the Motion, the matter was taken under advisement.

**DISCUSSION AND DISPOSITION**

>Civil Rule 54(b) provides:
>
>When more than one claim for relief is presented in an action . . . the court may direct the entry of a final judgment as to one or more but fewer than all the claims . . . only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. *In the absence of such determination and direction, any other order or form of decision, however designated, which adjudicates fewer than all the claims . . . shall not terminate the action as to any of the claims* . . . , and the order or other form of decision is not subject to revision at any time before the entry of judgment adjudicating all the claims . . . .

(emphasis added).  In other words, a trial court is authorized by Civil Rule 54(b) to certify an interlocutory order as a final judgment, essentially granting the moving party the ability to appeal the decision prior to the final adjudication of all the claims as to all the parties in an action.  *See Belli v. Temkin (In re Belli)*, 268 B.R. 851, 855 (9th Cir. BAP 2001).  If the Court makes this "express determination,"

---

[1] Unless otherwise indicated, all statutory references are to the Bankruptcy Code, Title 11 U.S. Code §§ 101-1532, and all references to "Rules" are to the Federal Rules of Bankruptcy Procedure and those to "Civil Rules" are to the Federal Rules of Civil Procedure.

[2] Plaintiff challenged the timeliness of the objection.  *See* Doc. No. 189 at 2–3.  The Motion was filed on June 18.  Plaintiff alleges that service of the Motion was made on June 15, prior to its filing with the Court.  *Id.*, *see also* Doc. No. 184 at 5.  Rule 9006(f) allows three additional days for response when service is made by mail.  Even if the response date is calculated from June 15, the objections were due by, and were filed on, July 2.  Accordingly, the objections were timely.

MEMORANDUM OF DECISION - 3

adjudication of a single "claim" may become an early final judgment. *Id*.

### A. Finality of Dismissal Orders

Stern and Pantera assert that the order dismissing claims against them was a final judgment when entered and an appeal now would be untimely. New York Life similarly argues that the order dismissing claims against it was a final judgment. In addition, Plaintiff appears to concede, in the Motion, that both orders were final judgments. *See* Adv. Doc. No. 184 at 2.

However, agreement by parties does not suffice to make orders final judgments for the purpose of appeal. The Ninth Circuit has explained that an order (even one denominated a "judgment") in an adversary proceeding in which not all claims against all parties have been resolved is interlocutory and cannot be final for purposes of appeal without a Rule 54(b) certification. *Belli*, 268 B.R. at 856–57; *see also, Navarro v. Rowland*, 940 F.2d 1535 (9th Cir. 1991) (holding an order dismissing some, but not all, parties was not a final, appealable order).

At the time the Court dismissed the complaint with regard to New York Life, a number of claims against defendants Gugino; Liberty Mutual; Michaelson; McMurtie; and Michaelson's firm remained unresolved. Similarly, when the Court dismissed Plaintiff's complaint against Stern and Pantera, the several claims against Gugino; Liberty Mutual; Michaelson; McMurtie; and Michaelson's firm still remained. Thus, the dismissal orders at issue, which did not resolve all claims as to all defendants in the adversary proceeding, were not final and appealable.

MEMORANDUM OF DECISION - 4

### B. Civil Rule 54(b) Certification

"Rule 54(b) certification is proper if it will aid 'expeditious decision' of the case . . . . However, Rule 54(b) certification is scrutinized to prevent piecemeal appeals in cases which should be reviewed only as single units." *Texaco, Inc., v. Ponsoldt,* 939 F.2d 794, 797–98 (9th Cir. 1991) (internal quotations omitted). In order for a Civil Rule 54(b) certification to be proper, the Court must first determine whether the challenged order or judgment is an ultimate disposition of an individual claim entered in the course of a multi–claim action. *Maune v. Bankers Life & Cas. Ins. Co.*, 2010 WL 4117275, *1 (D. Idaho 2010) (quoting *Wood v. GCC Bend, LLC*, 422 F.3d 873, 878 (9th Cir. 2005)).

Here, the challenged orders completely resolved all claims against Stern, Pantera, and New York Life. By finding the Court lacked subject matter jurisdiction, the Court has rendered a final disposition of Plaintiff's claims against those parties. *See id.* (holding a dismissal for lack or jurisdiction is finally decided for purposes of Civil Rule 54(b)). Accordingly, the minimum standards for certification under Civil Rule 54(b) are met.

The Court nonetheless determines the Motion should be denied. As quoted above, the Ninth Circuit has explained that the purpose of Civil Rule 54(b) certification is to aid "expeditious decision" of the case. The order dismissing New York Life was entered on May 5, 2015—more than three years ago—and the order dismissing Stern and Pantera was entered on March 7, 2016—more than two

MEMORANDUM OF DECISION - 5

years ago. Plaintiff has provided no persuasive explanation or justification for his lengthy delay in seeking Civil Rule 54(b) certification.

Plaintiff asserts that he seeks certification under Civil Rule 54(b) in order to appeal the dismissals of Stern, Pantera, and New York Life for reasons of "judicial economy." In material part, he wants those appeals to be heard along with the pending appeal at the Ninth Circuit Court of Appeals regarding Gugino and Liberty Mutual.[3]

Plaintiff appears to suggest that an appeal of the dismissal orders directly to the Ninth Circuit could be ordered and those appeals "consolidated" with the pending appeal of the order granting summary judgment in favor of Gugino and Liberty Mutual. The result of such a consolidation, according to Plaintiff, would be judicial economy. However, Plaintiff is not entitled to appeal those two dismissal orders directly to the Ninth Circuit.

The Ninth Circuit has explained:

> With the passage of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Congress elaborated the certification procedure in light of bankruptcy's two-tiered appellate structure. Section 158(d)(2)(A) confers discretionary jurisdiction on the circuit courts if the bankruptcy court, district court, or bankruptcy appellate panel, or all the appellants and appellees acting jointly, "certify that—(i) the judgment, order, or decree involves a question of law as to which there is no controlling decision of the court of appeals for the circuit or of the Supreme Court of the United States, or involves a matter of public

---

[3] Since the dismissals of New York Life, Stern and Pantera were on jurisdictional grounds, how that relates to or assists in the process of resolution of the now pending appeal is decidedly unclear.

MEMORANDUM OF DECISION - 6

> importance; (ii) the judgment, order, or decree involves a question of law requiring resolution of conflicting decisions; or (iii) an immediate appeal from the judgment, order, or decree may materially advance the progress of the case or proceeding in which the appeal is taken." 28 U.S.C. § 158(d)(2)(A).

*Bank of New York Mellon v. Watt*, 867 F.3d 1155, 1159 (9th Cir. 2017). When any of the three criteria above is met, the Ninth Circuit Court of Appeals may exercise its discretion to take jurisdiction. *Id*.

To the extent Plaintiff is seeking this Court's certification of its orders dismissing Stern, Pantera, and New York Life for direct appeal to the Ninth Circuit Court of Appeals pursuant to 28 U.S.C. § 158(d)(2)(A), the request would be denied. The Court's decisions to dismiss Stern, Pantera, and New York Life involved neither novel issues of law nor conflicting decisions. Rather, the Court's decisions that it did not have subject matter jurisdiction over Plaintiff's state law claims were based upon a breadth of well-founded law. *See* Adv. Doc. Nos. 112, 156 (memorandums of decision explaining at length the legal basis for the dismissals). Additionally, Plaintiff has not shown that a direct appeal from the dismissal orders will materially advance the progress of this adversary proceeding. Nor would a direct appeal further the progress of the bankruptcy case. As the Court explained in the order dismissing New York Life, Plaintiff's claims against Stern, Pantera, and New York Life were post-petition claims, the resolution of which "will have no impact on the estate or its administration." Adv. Doc. No. 112 at 25. Thus Plaintiff's argument that judicial economy would be served

MEMORANDUM OF DECISION - 7

through consolidation of appeals fails on multiple levels.

**CONCLUSION**

This Courts' orders dismissing Stern, Pantera, and New York Life were not final orders for purposes of appeal because there remained claims against several defendants. Though the claims against Stern, Pantera, and New York Life were finally decided, the Court holds the policy underlying Civil Rule 54(b)—expeditious decision of the claims—would not be met by granting the Motion, and that Plaintiff's other arguments are not well taken. Accordingly, Plaintiff's Motion for Civil Rule 54(b) certification will be denied.

DATED: August 24, 2018



TERRY L. MYERS
CHIEF U. S. BANKRUPTCY JUDGE